UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

ROBERT SMITH,                                    17-cv-2246

                    Plaintiff,

                                                 **COMPLAINT**

        -against-

                                                 JURY DEMAND

THE CITY OF NEW YORK, P.O.
WILLIAM ERDMAN [SHIELD #
12722], P.O. BRIAN T. DRAHEIM
[SHIELD # 616], SERGEANT
PANDULLO, and JOHN DOE AND
JANE DOE (the names John and Jane
Doe being fictitious, as the true names
are presently unknown),
                    Defendants.
--------------------------------------------------------X


Plaintiff, ROBERT SMITH, by his attorney, Law Office of PHILIP AKAKWAM, P.C., complaining of the defendants herein, The City of New York, P.O. William Erdman [Shield # 12722], Brian T. Draheim [Shield # 616], Sergeant Pandullo, and John Doe and Jane Doe (collectively, "defendants"), respectfully alleges as follows:

1.      This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, [and arising under the law and statutes of the City and State of New York].

<u>JURISDICTION</u>

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4.      Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5.      At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6.      This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

THE PARTIES

7.      Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

8.      Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

9.      The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

10.     Defendant P.O. William Erdman [Shield # 12722] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

11.     Defendant P.O. Brian T. Draheim [Shield # 616] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

12.     Defendant Sergeant Pandullo was at all times material herein a sergeant employed by the NYPD. S/he is named here in his or her official and individual capacities.

13.     Defendants John Doe and Jane Doe were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

14.    Defendants Erdman, Draheim, Pandullo and John Doe and Jane Doe are collectively referred to herein as "defendant officers".

15.    At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16.    On or about January 15, 2016, at approximately 12:30 a.m., defendant officers, acting in concert, arrested plaintiff without cause at or within the vicinity of his home which is located at 588 Bainbridge Street, Apt. 1R, Brooklyn, New York, and charged plaintiff with PL 265.01(2) 'Criminal possession of a weapon in the fourth degree' and PL 145.00(1) 'Criminal mischief in the fourth degree'.

17.    Plaintiff, however, was not in possession of any weapon, did not use nor intend to use any such weapon against another, did not damage the property of another person, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

18.    Prior to the arrest, plaintiff contacted 911 and filed a complaint against his ex-girlfriend named Shannon C. Young indicating that Ms. Young cut the power cord to his television set which was located inside his aforesaid home.

19.    Shortly after filing the initial complaint, plaintiff contacted 911 and filed a second complaint against Ms. Young indicating that Ms. Young stormed out of his apartment after cutting the power cord and that she had a scissors in her hand.

20.    The 911 operator informed the plaintiff that she had dispatched the police and indicated that the plaintiff should be patient.

21.    As plaintiff got off the telephone with the 911 operator he observed Ms. Young discard the scissors by throwing it over the fence into the neighboring property.

22.    Shortly thereafter, plaintiff observed defendant officers in their police vehicle and proceeded to wave them down.

23.     Upon approaching defendant officers, plaintiff informed them that he had contacted 911 for help because Ms. Young cut his television's power cord and threw the scissors over the fence into the neighboring property.

24.     Defendant officers asked the plaintiff to show them the television.

25.     Plaintiff took defendant officers back to his room and showed them the television.

26.     Upon observing the television set, defendant officers expressed disappointment that the plaintiff called 911 over the television set indicating that the television set which was approximately 19-inch was too small and that defendant officers should not be bothered with things of that sort.

27.     Plaintiff then indicated that the size of the television set doesn't make any difference but that what matters is that Ms. Young damaged his property and he has a right to file a complaint against her.

28.     Immediately thereafter, defendant officers directed the plaintiff to place his hands behind his back and proceeded to arrest the plaintiff.

29.     Defendant officers tightly handcuffed the plaintiff with his hands placed behind his back.

30.     Defendant officers also seized and/or appropriated to themselves the plaintiff's television set.

31.     Defendant officers did not provide the plaintiff with any voucher for his television set.

32.     Eventually, defendant officers placed the plaintiff inside their police vehicle and transported the plaintiff to NYPD-73rd Precinct.

33.     While at the precinct, defendant officers subjected the plaintiff to an illegal and unlawful search.

34.     Defendant officers unreasonably detained the plaintiff at the precinct.

35.     After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment.

36.     While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by Kings County District Attorney's Office.

37.     During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiff was in possession of a weapon with intent to use such weapon against another and did damage the property of another person.

38.     Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against the plaintiff.

39.     Bail was set to secure the plaintiff's release.

40.     As a result, the prosecutors declined to prosecute the plaintiff.

41.     Because plaintiff could not make bail, plaintiff was transported to Rikers Island, and was incarcerated at said facility for several days.

42.     On or about January 21, 2016, plaintiff appeared before the criminal court.

43.     Eventually, plaintiff was released on his own recognize but was required to return to the criminal court to defendant the false charges levied against him.

44.     On or about April 18, 2016, the false charges levied against the plaintiff were summarily dismissed.

45.     Despite the above, defendant officers have refused to return plaintiff's television set and did not provide him with any information as to how to retrieve or recover his television set.

46.     Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

47.     Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

48.     As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

49.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 48 of this complaint as though fully set forth herein.

50.    The conduct of defendant officers, as described herein, amounted to false arrest.

51.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

52.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

53.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 52 of this complaint as though fully set forth herein.

54.    The conduct of defendant officers, as described herein, amounted to excessive use of force.

55.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

56.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

57.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 56 of this complaint as though fully set forth herein.

58.    That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not

commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

59.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

60.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

61.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

62.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 61 of this complaint as though fully set forth herein.

63.     Defendant officers denied plaintiff his due process right to be free from continued detention after it was or should have been known that plaintiff was entitled to release.

64.     The conduct of defendant officers, as described herein, amounted to unreasonable detention.

65.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

66.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: FABRICATION OF EVIDENCE - against defendant officers

67.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 66 of this complaint as though fully set forth herein.

68.     Defendant officers manufactured evidence of criminality against the plaintiff which the prosecutors relied upon to initiate criminal actions against the plaintiff.

69.     The conduct of defendant officers, as described herein, amounted to fabrication of evidence.

70.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

71.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

72.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 71 of this complaint as though fully set forth herein.

73.     Defendant officers subjected plaintiff to unreasonable search & seizure.

74.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

75.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

76.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 75 of this complaint as though fully set forth herein.

77.     The conduct of defendant officers, as described herein, amounted to malicious prosecution.

78.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

79.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: FIRST AMENDMENT RETALIATION - against defendant officers

80.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 79 of this complaint as though fully set forth herein.

81.     Defendant officers unlawfully retaliated against the plaintiff for exercising his First Amendment rights as described above.

82.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

83.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

84.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 83 of this complaint as though fully set forth herein.

85.     In an effort to find fault to use against the plaintiff who is of Hispanic descent, defendant officers met with themselves and with several other individuals on numerous occasions (including but not limited to the January 15, 2016 date of arrest) and agreed to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

86.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

87.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

TENTH    CAUSE    OF    ACTION:    FAILURE    TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

88.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 87 of this complaint as though fully set forth herein.

89.     Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest. In addition, defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence.

90.     Additionally, defendant City of New York, acting through Eric Gonzalez and the Office of the District Attorney of the County of Kings, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation

10

not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

91.     Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in a crime.

92.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

93.     In addition to the named individual defendants, several officers of the NYPD assigned to the NYPD-73rd Precinct -- as the named individual defendants -- routinely make unlawful arrests charging innocent persons with various crimes and/or offenses.

94.     Most of the arrests and charges made by officers assigned to the NYPD-73rd Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

95.     Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to NYPD-73rd Precinct concerning similar arrests and charges as those described herein. *See*, *e.g.*, *Tony Holley v. City of New York* (16 CV 383); *Trevonne King v. City of New York* (16 CV 306); *Eddie Holley v. City of New York* (15 CV 1204); *Jeffy Holley v. City of New York* (15 CV 1202); *Annette Young v. City of New York* (14 CV 55); *Diane Dawson v. City of New York* (13 CV 180); *Ramel King v. City of New York* (12 CV 4322); *Tyquan Myrick v. City of New York* (12 CV 2411); *Robert Stephens v. City of New York* (12 CV 1825); *Ramel King v. City of New York* (12 CV 1824); *Paul Lewis v. City of New York* (12 CV 1323); *Jermaine Tolbert v. City of New York* (12 CV 537); *Anthony Holley v. City of New York* (12 CV 259); *Jermaine Tolbert v. City of New York* (11 CV 4871); *Geneeza Walls v. City of New York* (10 CV 5769).

96.     Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

97.     The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

98.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

ELEVENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

99.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 98 of this complaint as though fully set forth herein.

100.    By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

101.     In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

102.     The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

103.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

TWELFTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

104.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 103 of this complaint as though fully set forth herein.

105.     The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

106.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

107.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 106 of this complaint as though fully set forth herein.

108.     By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained bodily injuries with the accompanying pain.

109.     The conduct of the defendants, as described herein, amounted to assault and battery.

110.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (UNREASONABLE SEARCH AND SEIZURE) - against defendants

111.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 110 of this complaint as though fully set forth herein.

112.     The conduct of the defendants, as described herein, amounted to degrading, humiliating and unreasonable search and seizure, and unreasonable detention.

113.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: TORTS (NEGLIGENCE AND/OR BREACH OF SPECIAL DUTY OR RELATIONSHIP) - against defendants

114.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 113 of this complaint as though fully set forth herein.

115.     Defendants failed to properly care, supervise and protect the plaintiff, failed to ensure the plaintiff's health and safety, and were careless and negligent in their treatment of the plaintiff.

116.     The conduct of the defendants, as described herein, amounted to negligence and breach of special duty or relationship.

117.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTEENTH CAUSE OF ACTION: TORTS (DEFAMATION) - against defendants

118.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 117 of this complaint as though fully set forth herein.

119.     Defendants falsely alleged that the plaintiff was in possession of a narcotic drug with intent to sell such drug.

120.     On or about January 15, 2016, defendants published their aforesaid false allegations to plaintiff's colleagues, neighbors, friends and family including, but not limited to, Ms. Fente.

121.     The above statements by the defendants were made without any just cause or truth to the statements. Additionally, defendants made such statements maliciously, knowing said statements to be absolutely false.

122.     Defendants made aforesaid false and malicious statements with the sole intent of exposing plaintiff to public contempt, hatred, ridicule, aversion, disgrace and to induce an evil opinion of the plaintiff and cause plaintiff to be shunned or avoided and injure plaintiff in his employment or occupation.

123.     By reason of defendants' statements and actions, plaintiff has been injured in his good name and reputation and has suffered and continues to suffer great pain and mental anguish and has been held and continues to be held in ridicule and contempt by his family members, neighbors, colleagues, friends, acquaintances and the public.

124.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

125.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 124 of this complaint as though fully set forth herein.

126.     The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

127.     Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

128.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

129.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 128 of this complaint as though fully set forth herein.

130.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

131.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

132.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

133.     Upon information and belief, defendant City's negligence in hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.     For compensatory damages against all defendants in an amount to be proven at trial;

b.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.     For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.     For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      April 13, 2017

                                    LAW OFFICE OF PHILIP AKAKWAM, P.C.

                                        /s/

By:    Philip Akakwam (PA-8294)
        Attorney for the Plaintiff
        303 Livingston St., 2FL
        Brooklyn, N.Y. 11217
        Tel. No: (718) 858-2488
        Fax No: (718) 858-2489
        Email: pakakwam@gmail.com